# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. STEBBINS, | Case No. 23-cv-00322-TLT |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| GOOGLE LLC, | Re: ECF No. 31, 32, 49, 61 |
| Defendant. | |

Pending before the Court is Defendant Google LLC's motion to dismiss and to declare Plaintiff David A. Stebbins a vexatious litigant, Plaintiff's motion to strike Defendant's motion to dismiss, Plaintiff's motion for partial summary judgment, and Plaintiff's motion for leave to file amended complaint. ECF Nos. 31, 32, 49, 61. The Court finds that the motions can be resolved without oral argument. *See* Civ. L.R. 7-1(b). For the reasons below, the Court **GRANTS** Defendant's motion to dismiss, **GRANTS** Defendant's motion to declare Plaintiff a vexatious litigant, **DENIES** Plaintiff's motion to strike, **DENIES** Plaintiff's motion for partial summary judgment**, and DENIES** Plaintiff's motion for leave to file an amended complaint. Further, the Court **ORDERS** Plaintiff to remove from YouTube a recording of a Rule 26(f) scheduling conference between the parties dated March 30, 2023, delete copies of this or any recording Plaintiff has retained between Plaintiff and Defendant, and cease any future recording between the parties.

## I. BACKGROUND

Plaintiff is "a YouTuber and Twitch streamer who goes by the name 'Acerthorn.'" Compl. ¶ 1, ECF No. 5. Another YouTube user has set up a YouTube channel titled "Acerthorn the True Acerthorn" to "harass[]," "doxx[]," "impersonate[]" Plaintiff and infringe on his copyright. *Id.* ¶

1    11.  Plaintiff alleges that a frame of Plaintiff's livestream has been used as the icon for the

2    "Acerthorn the True Acerthorn" channel.  *Id.* ¶ 12.  Plaintiff brings suit against Defendant for

3    copyright infringement for hosting the icon on its servers.  *Id.* ¶ 16.

4         On February 10, 2023, Plaintiff filed an ex parte motion for protective order, asking the

5    Court to "advise the defendant . . . to tread cautiously when making arguments against [Plaintiff]

6    without actually backing them up with evidence."  ECF No. 11.  The Court denied Plaintiff's

7    motion.  ECF No. 54.

8         On March 6, 2023, Defendant filed a motion to dismiss.  ECF No. 31.

9         On March 7, 2023, Plaintiff filed a motion to strike Defendant's motion to dismiss.  ECF

10   No. 32.

11        On March 7, 2023, Plaintiff also filed a motion for extension of time to not respond to

12   Defendant's motion to dismiss until his motion to strike has been resolved, because if his "motion

13   [to strike] is granted, even partially, then the portions of the Motion [to dismiss] will not require a

14   response."  ECF No. 34 ¶ 2.  The Court denied Plaintiff's motion to extend time for failing to

15   provide good cause.  ECF No. 35.

16        On April 3, 2023, Plaintiff filed a motion for partial summary judgment.  ECF No. 49.

17        On June 6, 2023, Plaintiff filed an emergency motion to appear remotely and an emergency

18   motion for recusal.  ECF No. 53.  The Court denied Plaintiff's motions because, as stated in its

19   standing order, motion hearings are in person and "no reasonable person would question the

20   Court's impartiality from the Court's adherence to its Standing Orders."  ECF No. 57.

21        Also on June 6, 2023, Plaintiff filed a motion for leave to appear remotely.  ECF No. 55.

22   For similar reasons, the Court denied Plaintiff's motion.  ECF No. 58.

23        On July 17, 2023, Plaintiff filed a motion for leave to file an amended complaint.  ECF No.

24   61 ("Mot. for Leave to Am.").  On July 27, 2023, the parties appeared the Court for a case

25   management conference.  ECF No. 67.

26   //

27   //

28   //

United States District Court
Northern District of California

2

## II.    DISCUSSION

### A.    Plaintiff's Motion for Leave to File Amended Complaint

Plaintiff argues his motion to file an amended complaint should be granted because his delay in filing was reasonable.  First, he asserts that he was barred by res judicata based on prior rulings in this District.  Second, he claims his request will save the judiciary time and resources:

> Even if the Court insists on dismissing the infringement claim over the channel icon, there is nothing the Court can do to stop me from simply raising the other two infringement claims in a new lawsuit. The Court might as well let me have this Amended Complaint, just to save time and judicial resources.

Mot. for Leave to. Am. at 2.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Moreover, the Court should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2). "A district court, however, may in its discretion deny leave to amend 'due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'"  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (citations and modifications omitted).

Here, the Court finds there has been undue delay, prejudice, and bad faith.  Accordingly, the Court denies Plaintiff's motion.

First, Plaintiff has been dilatory in seeking this amendment.  Plaintiff filed this motion six months after commencing this case.  Plaintiff cites another case in this District as the reason for the delay:

> On July 11, 2022, in the case of Case 4:22-cv-00546-JSW (Stebbins v. Rebolo), Judge Jeffrey S. White issued an order declaring ALL of my copyrighted works up to that point to be invalid and not subject to copyright protection. See Dkt. 20 in that case. This included the April 18, 2022 livestream. Therefore, I did not include that infringement because, at the time the original complaint was written, it would have been barred by res judicata.

Mot. for Leave to. Am. at 2.

1    However, the Court notes that Plaintiff has completely mischaracterized that order.  There,

2    the court discussed whether Plaintiff's videos should be afforded the presumption of validity by

3    registration, not whether they are copyrightable:

> Without the presumption of validity, Plaintiff's allegations of ownership regarding the additional livestreams are insufficient. Plaintiff does not allege facts that permit the Court to assess whether the content is eligible for copyright protection. He does not describe the material or address how it meets any of the criteria for copyright protection, such as creativity or originality. Moreover, his allegations of copying are vague and conclusory. Accordingly, Plaintiff fails to allege a viable infringement claim as to the remaining livestream videos.

9    *Stebbins v. Rebolo ("Rebolo")*, No. 22-CV-00546-JSW, 2022 WL 2668372, at *3 (N.D. Cal. July

10   11, 2022).  Moreover, Plaintiff avers in his reply that there is no prejudice to his proposed addition

11   of two parties and two claims because he has alluded to them in his complaint.  ECF No. 69

12   ("Reply to Mot. for Leave to Am.") ¶¶ 18–21.  As such, Plaintiff has provided no reason why he

13   has not been dilatory in seeking amendment of his complaint.

14       Second, Defendant would be prejudiced by Plaintiff's proposed amendment.  Briefing for

15   Defendant's motion to dismiss, as well as the multiple other motions discussed in this Order, has

16   completed.  If Defendant is given leave to amend, the motion practice would simply restart, with

17   resources thus spent wasted.  Given the number of motions filed by Plaintiff, the Court is wary of

18   allowing Plaintiff to manipulate the judicial system in such a manner.  This situation is similar to

19   another case in which Plaintiff is involved, where Plaintiff voluntarily dismissed a defendant in

20   order to moot that party's pending motion to dismiss.  As the court there noted, "the Court does

21   not endorse Plaintiff's efforts to manipulate the litigation process and his blatant gamesmanship."

22   *Stebbins v. Polano ("Polano")*, No. 21-CV-04184-JSW, ECF No. 134 at 1:24–25 (N.D. Cal. Apr.

23   12, 2022).

24       Lastly, the Court is deeply concerned that Plaintiff seeks to amend due to bad faith.  As

25   discussed above, Plaintiff's motion is indicative of "blatant gamesmanship."  Moreover, Plaintiff

26   brings several arguments that have no merit.  For example, Plaintiff continues to bring argument

27   regarding Defendant's motion to dismiss and motion to declare Plaintiff a vexatious litigant.

28   Briefing for both motions has closed.

*United States District Court*
*Northern District of California*

4

1     Importantly, the Court is deeply disturbed regarding Plaintiff's arguments based on

2     statements by Defendant during the parties' meet and confer prior to a Rule 26(f) scheduling

3     conference, where Defendant allegedly made admissions. Reply to Mot. for Leave to Am. ¶¶ 9–

4     10. In addition to there being no merit to this line of reasoning, ***Plaintiff appears to have***

5     ***recorded the conversation between the parties, uploaded the recording to YouTube, and***

6     ***included the link to the publicly accessible recording in his reply***. *Id.* This is highly irregular

7     and inappropriate.

8         "Although a pro se litigant may be entitled to great leeway by the Court . . . that does not

9     excuse him from following basic rules of ethics and civility—or the law." *Fathi v. Saddleback*

10    *Valley Unified Sch. Dist.*, No. 8:20-CV-544-SB, 2020 WL 7315462, at *7 (C.D. Cal. Oct. 28,

11    2020). "[I]t is inherently unethical for an attorney to record a conversation with another attorney

12    regarding the routine progression of litigation without the other party's knowledge or consent."

13    *Nissan Motor Co. v. Nissan Computer Corp.*, 180 F. Supp. 2d 1089, 1097 (C.D. Cal. 2002). "This

14    behavior raises suspicions, injures public confidence in the legal profession (and thereby the legal

15    system), seriously impedes relations between counsel, and exerts a chilling effect on the normal

16    flow of communication between opposing parties." *Nissan*, 180 F. Supp. 2d at 1097.

17        Here, there is no indication that Defendant consented to being recorded, which may have

18    privacy implications. *See, e.g.*, Cal. Penal Code § 632. In addition, Plaintiff may not publicly

19    disclose private conversations between the parties. Plaintiff should also not share the recording

20    with the Court, as the Court is not convinced that "it is not being presented for any improper

21    purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

22    Fed. R. Civ. P. 11(b)(1); *see also* Civ. L.R. 1-4 ("Failure by counsel or a party to comply with any

23    duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized

24    sanction."). Moreover, the running counter on YouTube indicates that there have been over 100

25    views of this recording. As such, there is a high likelihood that members of the public have

26    already accessed this recording. Not only is Plaintiff's behavior indicative of bad faith, but it is

27    also appropriate for sanctions. Plaintiff is **ORDERED** to immediately remove the recording from

28    YouTube, delete copies of this or any recording Plaintiff has retained between Plaintiff and

United States District Court
Northern District of California

5

United States District Court
Northern District of California

1    Defendant, and cease any future recording.  Failure to comply with the Court's order may result in

2    terminating sanctions with prejudice.  *See Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir.

3    1988) ("Dismissal under a court's inherent powers is justified in extreme circumstances, in

4    response to abusive litigation practices, and to insure the orderly administration of justice and the

5    integrity of the court's orders.") (citations omitted).

6            For the reasons above, Plaintiff's motion for leave to amend is **DENIED**.

7            **B.    Plaintiff's Partial Motion for Summary Judgment**

8            Plaintiff moves for the Court to "adjudge that the [Acerthorn the True Acerthorn] channel

9    as a whole is not a 'fair use channel,' and therefore, that all other elements of the channel are

10   entirely irrelevant to determining whether the icon is fair use."  ECF No. 49 ("Mot. for Partial

11   Summary Judgment") ¶ 29.  Plaintiff asserts that the icon could be considered fair use if all

12   elements of the YouTube channel (*i.e.*, the channel "as a whole") were considered a "fair use

13   channel."  *Id*. ¶ 6.  But from Plaintiff's perspective, the YouTube channel's video library is not fair

14   use, and therefore other channel elements are irrelevant for a fair use analysis of the icon.  *Id*. ¶ 7.

15   Plaintiff fails to define the term "fair use channel" or cite any legal authority to support his fair

16   use arguments.

17           Defendant argues that Plaintiff's motion seeks an advisory opinion, does not establish that

18   there is no genuine dispute of material fact, and does not establish that Plaintiff is entitled to

19   judgment as a matter of law.  The Court agrees.

20           "A party may move for summary judgment, identifying each claim or defense — or the

21   part of each claim or defense — on which summary judgment is sought."  Fed. R. Civ. P. 56(a).

22   "The court shall grant summary judgment if the movant shows that there is no genuine dispute as

23   to any material fact and the movant is entitled to judgment as a matter of law."  *Id.*  An issue of fact

24   is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party.

25   *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  "The mere existence of a scintilla

26   of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for

27   the [nonmoving party]."  *Id.* at 252.  At the summary judgment stage, evidence must be viewed in the

28   light most favorable to the nonmoving party and all justifiable inferences are to be drawn in the

1    nonmovant's favor. *See id.* at 255.

2         Here, Plaintiff's motion lacks merit. First, the Court is unclear what Plaintiff seeks. Plaintiff

3    asks the Court to conclude that the YouTube channel is not a "fair use channel" and is thus irrelevant

4    to fair use analysis of the allegedly infringing icon. But as noted above, Plaintiff failed to define the

5    term "fair use channel" or cite to any legal authority to support his arguments. And even if the Court

6    were to consider the YouTube channel in relation to fair use, it is not evident how this analysis would

7    support Plaintiff's motion for summary judgment. Moreover, as Plaintiff alleges infringement of the

8    icon, and not the channel where the icon resides, whether Acerthorn the True Acerthorn is a "fair use

9    channel" is not an element of Plaintiff's copyright claim or Defendant's fair use defense. The Court

10   does not find it appropriate to address this issue.

11        Second, Plaintiff has not attached or submitted admissible evidence to establish the

12   existence of undisputed material facts. Instead, Plaintiff lists facts in his motion in a conclusory

13   fashion that he avers are undisputed. While Plaintiff attaches an email and what Plaintiff asserts

14   are screenshots taken from the Acerthorn the True Acerthorn channel, the Court does not consider

15   these, as they are new evidence and arguments raised in a reply brief. *See Coos Cnty. Bd. of Cnty.*

16   *Comm'rs v. Kempthorne*, 531 F.3d 792, 812 n.16 (9th Cir. 2008) ("The general rule is that

17   appellants cannot raise a new issue for the first time in their reply briefs.") (citation omitted); *see*

18   *also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[W]here new evidence is presented

19   in a reply to a motion for summary judgment, the district court should not consider the new

20   evidence without giving the non-movant an opportunity to respond.").

21        Lastly, Plaintiff's argument about "fair use channel" is devoid of citation to authority. As

22   such, the Court is not convinced that Plaintiff is entitled to summary judgment as a matter of law.

23        Plaintiff brings a convoluted argument regarding which facts are judicially noticed or

24   incorporated by reference. Moreover, Plaintiff does not bring a cogent argument to meet his

25   burden of persuasion for his motion. Plaintiff may not file a motion devoid of evidence or

26   authority and shift the burden to Defendant.

27        Accordingly, Plaintiff's motion for partial summary judgment is **DENIED**.

28   //

*United States District Court*
*Northern District of California*

7

### C.    Plaintiff's Motion to Strike

Plaintiff moves to strike Defendant's motion to dismiss and to declare Plaintiff a vexatious litigant pursuant to Rule 12(f).

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Meanwhile, Rule 7(a) lists what is considered a pleading:

> Only these pleadings are allowed:
> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a).

As a procedural matter, Plaintiff's motion is improper because, simply stated, a motion is not a pleading and so is not subject to Plaintiff's Rule 12(f) motion to strike.  *See In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 763 F. Supp. 2d 423, 581 (S.D.N.Y. 2011) ("A motion to dismiss is not a pleading."); *Bond v. ATSI/Jacksonville Job Corps Ctr.*, 811 F. Supp. 2d 417, 421 (D.D.C. 2011) ("By the very text of the rules cited by plaintiff, then, this motion may not be granted: She asks that a motion be stricken, but a motion is not a pleading.").

While the Court has the inherent power to strike a motion, it does not find good cause to do so.  Defendant's motion is properly filed and Plaintiff does not bring any argument that cannot be contained in an opposition.  *See* Civ. L.R. 7-3(a) ("Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum.").

Plaintiff argues that Defendant's motion to declare Plaintiff a vexatious litigant should have been separately filed, in accordance with Rule 11(c).  However, as stated by Defendant, Defendant's motion is brought under the All-Writs Act, 28 U.S.C. § 1651(a).  As such, the constraints of Rule 11(c) do not apply.

Accordingly, Plaintiff's motion to strike is **DENIED**.

//

//

United States District Court
Northern District of California

### D.    Defendant's Motion to Dismiss

Defendant argues Plaintiff's claim of copyright infringement should be dismissed because fair use bars Plaintiff's claim.  Specifically, Defendant asserts there is fair use because: (1) the allegedly-infringing icon is a transformative use of Plaintiff's livestream; (2) the livestream was of minimal creative value; (3) the icon is a small portion of the livestream; and (4) Plaintiff has not alleged any economic impact to the livestream in relation to the icon.

### 1.    Legal Standard

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To overcome a motion to dismiss, a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'"  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007)).  The court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal."  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

"[T]he fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright."  17 U.S.C. § 107.  Four factors are considered for fair use: (1) "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;" (2) "the nature of the copyrighted work;" (3) "the amount and substantiality of the portion used in relation to the copyrighted work as a whole;" and (4) "the effect of the use upon the potential market for or value of the copyrighted work."  *Id.*  The Court "do[es] not consider these factors in isolation but weigh them together, in light of the copyright law's purpose 'to promote the progress of science and art by protecting artistic and scientific works while encouraging the development and evolution of new works.'"  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 529 (9th Cir. 2008) (citation omitted).

United States District Court
Northern District of California

9

1    "Fair use is a mixed question of law and fact."  *Harper & Row Publishers, Inc. v. Nation*

2    *Enterprises*, 471 U.S. 539, 560 (1985).  However, "fair use may be considered on a motion to

3    dismiss, which requires the court to consider all allegations to be true, in a manner substantially

4    similar to consideration of the same issue on a motion for summary judgment, when no material

5    facts are in dispute."  *Leadsinger*, 512 F.3d at 530.

6              **2.       Fair Use Factors**

7              As an initial matter, the Court addresses the exhibits attached to Defendant's motion to

8    dismiss.  Exhibit A attached to the Declaration of Jason Mollick, Esq. is a screenshot of the

9    alleged YouTube channel where the icon at issue was located as of July 9, 2022.  Exhibit A

10   attached to the Declaration of Neha Reddy is a copy of the image used for the icon at issue.

11   Exhibit B attached to the Declaration of Neha Reddy is a copy of the image used for the

12   background of the YouTube channel where the icon at issue resided.

13             "The Court may judicially notice a fact that is not subject to reasonable dispute because it:

14   (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

15   readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid.

16   201(b).  The Court "may also consider unattached evidence on which the complaint 'necessarily

17   relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's

18   claim; and (3) no party questions the authenticity of the document."  *United States v. Corinthian*

19   *Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

20             The Court takes judicial notice of these exhibits as they are incorporated by reference.

21   Plaintiff's complaint necessarily relies on as it mentions the icon image, the banner image, and the

22   Acerthorn the True Acerthorn channel.  Plaintiff also does not dispute the authenticity of these

23   exhibits.  As such, the Court takes these exhibits as representative of the icon image, the banner

24   image, and the look of the channel.

25             **a.       Purpose and Character of the Use**

26             The first factor "focuses on whether an allegedly infringing use has a further purpose or

27   different character, which is a matter of degree, and the degree of difference must be weighed

28   against other considerations, like commercialism."  *Andy Warhol Found. for the Visual Arts, Inc.*

United States District Court
Northern District of California

10

United States District Court
Northern District of California

1    *v. Goldsmith*, 143 S. Ct. 1258, 1273 (2023).  "The 'central' question" for the first factor is

2    "whether the new work merely 'supersedes the objects' of the original creation ... ('supplanting'

3    the original), or instead adds something new, with a further purpose or different character."  *Id.* at

4    1274 (citations and modification omitted).

5            "Whether a use shares the purpose or character of an original work, or instead has a further

6    purpose or different character, is a matter of degree. . . The larger the difference, the more likely

7    the first factor weighs in favor of fair use. The smaller the difference, the less likely."  *Id.* at 1274–

8    75.  "The fair use provision, and the first factor in particular, requires an analysis of the specific

9    'use' of a copyrighted work that is alleged to be 'an infringement.'"  *Id.* at 1277 (citing 17 U.S.C.

10   § 107).  "Criticism of a work, for instance, ordinarily does not supersede the objects of, or

11   supplant, the work. Rather, it uses the work to serve a distinct end."  *Id.* at 1274.Here, as alleged,

12   the icon is part of a YouTube channel that is dedicated to "harassing," "doxxing," and

13   "impersonating" Plaintiff.  Compl. ¶ 11.  This context supports the finding that the icon at issue is

14   for a transformative use—it is used to criticize Plaintiff.[1]  Plaintiff further confirmed this in his

15   opposition.  *See* Opp'n to Mot. to Dismiss ¶ 36 ("As evidenced by his video library, his entire

16   purpose for this channel seems to be to have me put on public display for mockery and

17   degradation, like a circus freak.").  Such criticism falls squarely into transformative use, as it

18   serves a different purpose than Plaintiff's livestream video.

19           Plaintiff argues that the icon was not transformative because the two words added onto the

20   icon, "Acerthorn Laws," "tell us nothing …  the near total lack of creative effort expended in

21   creating this threadbare meme should be rejected by the Court as transformative."  Opp'n to Mot.

22   to Dismiss ¶ 21.  However, Plaintiff misunderstands the law.  A use that has a further purpose or

23   different character is said to be "'transformative.'"  *Goldsmith*, 143 S. Ct. at 1276 (citation

24   omitted).  Thus, while the actual changes to an original work can support whether the subsequent

25

26   _____

27   [1] Plaintiff attempts to draw a distinction between the purpose of criticism and harassment.
     However, that appears to be a matter of perspective and Plaintiff does not cite to authority to
     support his argument that such a distinction exists.  Regardless, Plaintiff does not dispute that the

28   use of the icon at issue is distinct from the livestream where Plaintiff alleges that icon was taken
     from.

1    work is transformative, that is not the metric.  *See id.*, 143 S. Ct. at 1273 ("Although new

2    expression may be relevant to whether a copying use has a sufficiently distinct purpose or

3    character, it is not, without more, dispositive of the first factor.").  In addition, while Plaintiff

4    focuses on the two words added onto the image, he ignores the change in the background, which

5    has been replaced with a red background.

6         Plaintiff also argues that there is commercial use, which weighs against finding the icon

7    transformative.  However, it is unclear whether the icon is being used for a commercial purpose,

8    as there are no allegations to suggest this.  Moreover, when comparing the icon and the original

9    work, an icon clearly cannot supplant a video lasting 3 hours, 52 minutes, and 28 seconds.

10        For these reasons, the Court finds that the first factor strongly favors a fair use.[2]

11                    **b.     Nature of the Copyrighted Work**

12        "The second factor in the fair use analysis 'recognizes that creative works are closer to the

13   core of intended copyright protection than informational and functional works.'"  *Mattel, Inc. v.*

14   *Walking Mountain Prods.*, 353 F.3d 792, 803 (9th Cir. 2003) (quotation marks omitted).   The

15   Ninth Circuit has noted that "this nature of the copyrighted work factor typically has not been

16   terribly significant in the overall fair use balancing."  *Id.* (citation and modification omitted).

17        Here, the livestream where the icon was allegedly taken was one in which Plaintiff and

18   another individual "primarily exchanged opinions about a game called Dark Souls, as well as the

19   skill with which [Plaintiff] alleged [sic] handled feedback regarding [his] prior criticism of that

20   game."  Compl. ¶ 7.  While Plaintiff presented his opinions in the livestream, the work is

21   undoubtedly more informational than creative.  As such, the copyright protection is thin.

22        Accordingly, the Court finds this factor neutral or slightly in favor of finding fair use.

23                    **c.     Amount and Substantiality of the Portion Used**

24        "The third factor examines whether 'the amount and substantiality of the portion used in

25   relation to the copyrighted work as a whole is reasonable in relation to the purpose of the

26   copying."  *Tresona Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*, 953 F.3d 638, 650

27

28   _____
     [2] Plaintiff attaches and refers to a "Checklist for Fair Use."  *See* Opp'n to Mot. to Dismiss ¶ 14.
     The Court notes that this is neither binding nor persuasive authority.

                                    12

(9th Cir. 2020) (citation and modifications omitted).

Here, the allegedly infringing icon is one video frame from the almost four-hour video. This is an undoubtedly a small portion of the copyrighted work. In addition, the video frame used for the icon is the minimal amount necessary for the purpose of criticism. *See Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1205 (2021) ("The 'substantiality' factor will generally weigh in favor of fair use where, as here, the amount of copying was tethered to a valid, and transformative, purpose.") (citation omitted). While Plaintiff argues that the video frame used for the icon is the "heart" of the video, Plaintiff cites no authority to support this argument. The Court is not persuaded by Plaintiff's argument, as it is unreasonable to suggest that a single video frame represents the heart of a four-hour video of opinion about a video game. Accordingly, the Court finds that this factor favors finding fair use.

### d.    Effect Upon the Potential Market of the Copyrighted Work

"The fourth statutory factor focuses upon the 'effect' of the copying in the 'market for or value of the copyrighted work.'" *Google*, 141 S. Ct. at 1183 (citing 17 U.S.C. § 107(4)). "It requires courts to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also 'whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in a substantially adverse impact on the potential market' for the original." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994) (citation omitted). "[T]his fourth factor does not recognize a decrease in value of a copyrighted work that may result from a particularly powerful critical work." *Mattel*, 353 F.3d at 805.

Here, it is not reasonable to suggest that the allegedly infringing icon has any significant effect on the copyrighted video. Moreover, Plaintiff does not appear to directly address Defendant's argument that "there is no protectible derivative market for criticism." Regardless, due to the stage of this case, the Court finds this fact either neutral or slightly favoring finding fair use.

In assessing all the factors, the Court finds that the Defendant has met all of the fair use factors. Accordingly, Defendant's motion to dismiss is **GRANTED**. While leave to amend should be liberally granted, the Court finds that under the allegations pled, there are no additional

13

allegations that can remedy Plaintiff's claim.  As such, the Court finds that it would be futile to allow to Plaintiff to amend.  The Court also refers to the amended complaint proffered by Plaintiff that is in Section II.A.  Accordingly, Plaintiff's claim is dismissed with prejudice and Plaintiff may not amend his complaint.

### E.  Defendant's Motion to Declare Plaintiff a Vexatious Litigant

Defendant additionally moves to declare Plaintiff a vexatious litigant.

"The All-Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  "[F]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* (citation omitted).

Four facts are considered:

> First, the litigant must be given notice and a chance to be heard before the order is entered.  Second, the district court must compile "an adequate record for review." Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation.  Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered."

*Id.* (internal citations omitted).

#### 1.  Notice and Opportunity to be Heard

"The first factor simply requires that the litigant be given an opportunity to oppose the order before it is entered." *Gavin v. City & Cnty. of San Francisco*, No. 15-CV-05202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).  "The requirement that the plaintiff receive an opportunity to be heard; the opportunity to brief the issue fully satisfies due process requirements." *Id.* (citation omitted).

Here, the first factor is met, as Plaintiff had an opportunity to file and did file an opposition. *See* ECF No. 36.  That is all that is required.

#### 2.  Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at

*United States District Court*
*Northern District of California*

14

1    1147.

2         Here, Defendant has provided an extensive list of some of the cases filed by Plaintiff.  The

3    Court has reviewed the following:

4         1.  *Stebbins v. Polano*, No. 21-CV-04184-JSW, 2022 WL 2668371, at *5 (N.D. Cal.

5             July 11, 2022) ("Plaintiff is warned that if he persists in filing frivolous or meritless

6             lawsuits, the Court may impose sanctions, bar from him from filing further actions

7             without prior approval, and/or deem him a vexatious litigant.");

8         2.  *Stebbins v. Rebolo*, No. 22-CV-00546-JSW, 2022 WL 2668372, at *3 (N.D. Cal.

9             July 11, 2022) ("Plaintiff's attempt to manufacture and pursue ultimately meritless

10            copyright infringement claims in an effort to silence online criticism smacks of bad

11            faith and abuse of the Court system. Plaintiff's bad faith and his history of filing

12            frivolous lawsuits further justifies dismissal without leave to amend.");

13        3.  *Stebbins v. Google, Inc.*, No. 11-CV-03876-LHK, 2011 WL 5150879, at *4 (N.D.

14            Cal. Oct. 27, 2011) ("As stated above, Plaintiff's claim is based on an indisputably

15            meritless legal theory.");

16        4.  *Stebbins v. Stebbins*, 575 F. App'x 705 (8th Cir. 2014) ("We also conclude that the

17            court did not abuse its discretion in imposing the filing restrictions, because it is

18            undisputed that Stebbins has proceeded in forma pauperis on at least sixteen

19            complaints that proved meritless, and has filed numerous frivolous motions, since

20            May 2010.");

21        5.  *Stebbins v. Bradford*, No. 3:12-CV-03131, 2013 WL 3366289, at *2 (W.D. Ark.

22            July 5, 2013), *aff'd*, 552 F. App'x 606 (8th Cir. 2014) ("Mr. Stebbins's claims in the

23            instant matter are patently frivolous and have no basis in fact.");

24        6.  *Stebbins v. Hixson*, No. 3:18-CV-03040, 2018 WL 2124106, at *3 (W.D. Ark. May

25            8, 2018) ("The Court finds that Mr. Stebbins's recent practice of filing lawsuits in

26            the Eastern District and waiting for them to be transferred to the Western District is

27            a transparent end-run around this Court's filing restrictions, which were imposed

28            on him in Case Number 3:12-CV-03130, Doc. 10.");

7.   *Stebbins v. Microsoft, Inc.*, No. 11-CV-1362, 2012 WL 12896360, at *1 (W.D. Wash. Jan. 13, 2012), *aff'd sub nom. Stebbins v. Microsoft Corp.*, 520 F. App'x 589 (9th Cir. 2013) ("His complaint is wildly untethered from any valid interpretation of contract and arbitration law and time spent dealing with Mr. Stebbins' filings prevents the Court from addressing the genuine, vexing problems that people trust the Court to resolve quickly and fairly. For that reason, the Court will sanction him next time he files a similarly frivolous complaint."); and

8.   *Stebbins v. Texas*, No. 3:11-CV-2227, 2011 WL 6130403, at *3 (N.D. Tex. Oct. 24, 2011), *report and recommendation adopted*, No. 3:11-CV-2227-N BK, 2011 WL 6130411 (N.D. Tex. Dec. 9, 2011) ("Because Plaintiff has filed four prior actions to confirm nonexistent arbitration awards, two of which have already been dismissed, Plaintiff should be warned that if he persists in filing frivolous lawsuits over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing *any further action* of any kind *in forma pauperis* and/or without prior court approval.")

The Court also notes the hundreds of motions that have been filed in these cases, along with those filed in this case. This factor is met as the Court has listed and discussed these cases.

### 3.    Substantive Findings as to Frivolous or Harassing Nature of Plaintiff's Litigation

"The third factor 'gets to the heart of the vexatious litigant analysis,' and requires the district court to look to 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *Gavin*, 2016 WL 126937, at *3. "The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059.

As discussed above, Plaintiff has been declared a vexatious litigant in the Western District of Arkansas and has been warned repeatedly by courts in this District. Plaintiff makes several arguments that have no merit. For example, Plaintiff attaches an email to show that he consulted with "legal counsel." *See* Opp'n to Mot. to Dismiss, Ex. C. However, the exhibit does not support this characterization, as the attachment appears to show Plaintiff's communications with

16

1   an unknown individual.  Plaintiff also argues that the instant case is not frivolous. However,

2   Plaintiff's conduct in filing hundreds of motions that have little merit in this and other satisfies this

3   factor.  And while Plaintiff asserts he has used the Court's pro bono program, the third factor still

4   weighs in Defendant's favor, because Plaintiff continues to repeatedly file numerous claims and

5   motions with limited merit.  Moreover, it appears that the motive for Plaintiff's filing of the instant

6   and similar lawsuits are to stop harassment from other users online.  For example, Plaintiff's claim

7   in this case is against Acerthorn the True Acerthorn, a YouTube channel allegedly set up to harass

8   him.  During a case management conference before the Court, Plaintiff stated that he seeks to stop

9   the harassment directed against him.  However, that is not a proper use of copyright law.

10          Accordingly, the Court finds that the third factor is met.

11              **4.      The Proposed Order is Narrowly Tailored**

12          "Finally, the vexatious litigant order 'must be narrowly tailored to closely fit the specific

13   vice encountered.'"  *Molski*, 500 F.3d at 1057.

14          Here, Defendant's proposal requires Plaintiff to obtain a pre-filing order before filing (1)

15   any complaint identifying as defendant Google, YouTube, Alphabet, or their affiliates; and (2) any

16   copyright claims against any other defendants.  Defendant also propose that Plaintiff be prohibited

17   from proceeding *in forma pauperis* in any future actions in the District except upon a showing of

18   good cause.

19          The Court finds Defendant's request appropriate.  The group of defendants listed by

20   Defendant is appropriate, as Plaintiff has repeatedly sought to file claims against users of

21   platforms operated by the group of defendants.  In addition, Plaintiff has brought copyright claims

22   of little merit against his critics, whom he considers harassing him online.  Although the Court is

23   cognizant of the dangers of cyberbullying, the Court reiterates that copyright law is not

24   appropriate vehicle to seek remedy.

25          The Court likewise finds it appropriate that Plaintiff be subjected to a pre-screening prior

26   to filing any future actions in which Plaintiff seeks to proceed *in forma pauperis*.  Courts should

27   not be forced to expend judicial resources where Plaintiff does not even, at minimum, pay the

28   filing fee.

United States District Court
Northern District of California

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff's motion for leave to file amended complaint is **DENIED**, Plaintiff's partial motion for summary judgment is **DENIED**, Plaintiff's motion to strike is **DENIED**, Defendant's motion to dismiss is **GRANTED**, and Defendant's motion to declare Plaintiff a vexatious litigant is **GRANTED**.  Plaintiff may not amend his complaint.

In addition, Plaintiff David A. Stebbins is **DECLARED** a vexatious litigant in this District.  As such, (1) any future actions against Google LLC, YouTube LLC, Alphabet Inc., or any of their affiliates, or (2) any claim of copyright infringement or copyright-related claims against any defendant, Mr. Stebbins must first provide a copy of his complaint and this Order to the Clerk of this Court, along with a letter requesting the complaint be filed.  The Clerk shall then forward the complaint, letter, and copy of this Order to the Duty Judge for a determination whether the complaint should be accepted for filing.  Plaintiff is warned that any violation of this order will expose him to contempt proceedings and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

Furthermore, in any future action in this District in which Mr. Stebbins seeks to proceed *in forma pauperis*, a copy of this Order shall be attached to the application seeking to proceed *in forma pauperis* along with a statement seeking screening of the complaint and a statement explaining why the action should be allowed to proceed.

This Order terminates ECF Nos. 31, 32, 49, 61.

**IT IS SO ORDERED.**

Dated: August 30, 2023

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California

18