**David Stebbins (pro se Plaintiff)**     123 W. Ridge Ave., APT D, Harrison, AR 72601
(870) 212-4947      acerthorn@yahoo.com

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

DAVID STEBBINS,                                                                       PLAINTIFF

VS.                                          Case 3:24-cv-03727-LB

JOHN DOE, d.b.a. CREETOSIS                                                 DEFENDANTS

### RESPONSE TO LETTER

  Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Response to the Letter from Defense Counsel (Dkt. 7) in the above-styled action.

1.  The Defense complains that I allegedly "failed to comply" with Judge Thompson's order. The implication behind this accusation seems to be that I simply disobeyed her order in active defiance thereof, and deserve to be held in contempt of court and face sanctions for my disobedience.

2.  This is a lie. I did indeed include a copy of the order, and a letter explaining why the claims should be allowed to proceed. See Dkt. 1-1. The Clerk appears to have filed it as an attachment to the Complaint instead of an attachment to the In Forma Pauperis application. However, that is the Clerk's fault, not mine. I should not be blamed for their mistake.

3.  While the Defendants do acknowledge the existence of Dkt. 1-1, they do so only in a footnote. They do not acknowledge that it disproves their accusation that I "failed to comply" with Judge Thompson's order. They certainly don't acknowledge the very real possibility that this might have been just a mix-up with the Clerk's Office.

4.  They also point out the fact that I only attached the final page of Judge Thompson's order, but not the whole order. However, they provide no legal citation stating that I am *required* to provide the full order.

5.  I included only the final page of the order because ...

  (a)  That one page should have been all the Clerk needed in order to know to submit the case to a duty judge. It's the only page that actually imposes any direct obligations on me that

are relevant to the instant matter. The 17 pages before that only provided findings of fact and conclusions of law leading up to this order. Only the final page actually imposed the filing restrictions on me.

(b)     Because I had to mail in the complaint, rather than use the ECF, that means I had to print everything out. Not having to print those first 17 pages helped me to save on stationary and shipping costs.

6.      For what it's worth, this is exactly what I did in Case 3:24-cv-00398-LJC (Stebbins v. Baz), which was filed last January. In that case, I also filed only the final page of the order, but nobody seemed to care about that.

7.      That said, by all means, feel free to screen the complaint, both pursuant to Judge Thompson's order as well as 28 USC § 1915(e). I thought that's what the Court was already doing of its own accord, and I thought that's what the Court meant when it said it would "address the issuance of the summons and service in a separate order" in Dkt. 6. See Stebbins v. Moon, Civil Action 2:24-cv-140, 3 (S.D.W. Va. Apr. 15, 2024)[1] ("Defendants' Motion for Screening ... must be denied. As Mr. Stebbins aptly notes in his response brief, the Court is already in the process of reviewing the Complaint in accordance with 28 U.S.C. § 1915(e) ... Simply put, because the Court is already engaged in this process, Defendants' request that the Court 'screen the Complaint ... pursuant to 28 U.S.C. § 1915(e)' is moot").

So notified on this, the 26th Day of June, 2024.

*/s/ David Stebbins*
David Stebbins (pro se)

---

[1] https://casetext.com/case/stebbins-v-moon/